UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD D. BLAND, JR., | ) CASE NO. C06-0980-TSZ |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| SNOHOMISH COUNTY, et al., | ) |
| Defendants. | ) |

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges in his amended complaint that two corrections officers at the Snohomish County Jail employed excessive and unnecessary force against him in April 2006, causing him physical injury. Plaintiff identifies as defendants in his amended complaint the County of Snohomish, Officer Larkin, Officer Burns, and a number of "Doe" defendants who have never been identified. Plaintiff seeks monetary damages. Defendant Snohomish County and defendant Larkin now move for summary judgment.

---

[1] The record reflects that the service packet mailed to Officer Burns was returned to the Court. (*See* Dkt. No. 12.) Defendants' motion papers indicate that Snohomish County

REPORT AND RECOMMENDATION
PAGE -1

Plaintiff has not been served with defendants' motion papers because the motion papers mailed to plaintiff were returned.[2] Plaintiff therefore has not had an opportunity to respond to defendants' motion. This missed opportunity appears to be a result of plaintiff's own failure to comply with the rules of this Court which require a party proceeding pro se to keep the Court and opposing parties advised as to his current address. *See* Local Rule CR 41(b). Accordingly, this Court will proceed to disposition of defendants' summary judgment motion.

This Court, having reviewed defendants' motion, and the balance of the record, concludes that defendants' motion for summary judgment should be granted to the extent it seeks dismissal of plaintiff's amended complaint based upon plaintiff's failure to exhaust his administrative remedies.

## DISCUSSION

Defendants argue in their motion for summary judgment that this action should be dismissed because plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

Corrections does not employ an "Officer Burns," and has not employed an "Officer Burns" in the past five years. (*See* Dkt. No. 21 at 2.) As the defendant identified by plaintiff as "Officer Burns" has never been served in this action, and apparently does not even exist, all claims against this defendant are properly dismissed.

[2] Defendants represent to the Court in their motion papers that they attempted to serve their motion papers on plaintiff by mailing them to him at the address of record with this Court, but the documents were returned with a notation indicating that plaintiff had moved and that the Postal Service was unable to forward the mail. (*See* Dkt. No. 25.)

REPORT AND RECOMMENDATION
PAGE -2

exhausted." 42 U.S.C. § 1997e(a).

Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id*. at 2387-88. If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam).

Defendants assert that Snohomish County Corrections has an established administrative grievance process, but that plaintiff failed to utilize that process. Defendants have offered the declaration of David Oster, the Classification Supervisor for Snohomish County Corrections, to support this assertion. ( *See* Dkt. No. 23.) In his declaration, Mr. Oster briefly describes the grievance process and identifies the types of issues which are grievable through that process. (*Id*.) Mr. Oster also indicates that plaintiff never submitted a single grievance related to the claims asserted in his amended complaint.

As the record indicates that there was an institutional grievance process available to plaintiff during the course of his incarceration at the Snohomish County Jail, and that plaintiff failed to make use of that process, this Court must conclude that plaintiff failed to properly exhaust the claims asserted in his amended complaint.

CONCLUSION

Based on the foregoing, this Court recommends that defendants' motion for summary

01 judgment be granted to the extent it seeks dismissal of plaintiff's amended complaint based upon

02 plaintiff's failure to exhaust his administrative remedies.  This Court further recommends that

03 plaintiff's amended complaint, and this action, be dismissed without prejudice.  A proposed order

04 accompanies this Report and Recommendation.

05         DATED this 13th day of July, 2007.

06

07                                                 _____
                                                   Mary Alice Theiler
08                                                 United States Magistrate Judge

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -4